UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9362 DMG (SPx)** | Date | December 10, 2015 |
|---|---|---|---|
| Title | ***Bonma Enterprise, LLC v. Freddy Lopez, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On September 30, 2015, Plaintiff Bonma Enterprise LLC filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, against Defendants Freddy Lopez and Sergio Ortiz. Removal Notice, Ex. 1. [Doc. # 1.] On December 3, 2015, Defendant Ortiz removed the case to this Court, asserting both federal question and diversity subject matter jurisdiction.

The Complaint, however, raises no federal question. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). No question of federal law is presented by the Complaint, and it is axiomatic that federal jurisdiction cannot rest upon an actual or anticipated defense.[1] *See Vaden v. Discover Bank*, 556 U.S. 49,129 S. Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

---

[1] As an alternative basis for removal, Ortiz invokes 28 U.S.C. § 1443(1), which permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *See* Removal Notice at 4-5.

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

---

CV-90                                 **CIVIL MINUTES—GENERAL**              Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-9362 DMG (SPx) | Date | December 10, 2015 |
| Title | *Bonma Enterprise, LLC v. Freddy Lopez, et al.* | Page | 2 of 2 |

  Nor does the Complaint reveal a basis for diversity jurisdiction. The underlying state court complaint clearly states that the amount of damages sought by Plaintiff is less than $10,000, well below the $75,000 amount-in-controversy jurisdictional threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

  In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted).

  Ortiz does not allege that California's laws governing nonjudicial foreclosures and unlawful detainer actions are racially discriminatory. As such, because the phrase "any law providing for the equal civil rights" as used in section 1443(1) has been "construed to mean any law providing for specific civil rights stated in terms of racial equality," *Georgia v. Rachel,* 384 U.S. at 792, section 1443(a) does not provide a basis for removal.

---

CV-90              **CIVIL MINUTES—GENERAL**        Initials of Deputy Clerk <u>KT</u>